# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LEE A. SIGGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV843 AGF |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Petition will be denied.

## Background

On May 8, 2003, early in the morning, Petitioner sodomized and raped a woman, Heather Boyer, who had helped him out by driving him to his grandmother's home the previous night. Resp. Exh. E at 2-3. Petitioner was charged with two counts of forcible sodomy, one count of forcible rape, and one count of kidnapping. Id. at 3. At the close of trial, a jury found him guilty on all counts. Id. The trial court sentenced Petitioner as a prior offender to three terms of life imprisonment on the forcible rape

and sodomy convictions as well as fifteen years on the kidnapping conviction, with all sentences to run consecutively. Id. at 3-4.

On direct appeal, Petitioner argued that the trial court erred in overruling his motions for judgment of acquittal because the state failed to prove beyond a reasonable doubt that he kidnapped Boyer, in that the evidence was insufficient to show that he confined her for a substantial period of time or that he did so to facilitate the commission of forcible sodomy. Resp. Exh. C at 7. The Missouri Court of Appeals affirmed, finding that "there was sufficient evidence from which reasonable jurors could have found [Petitioner] guilty of kidnapping Ms. Boyer." Resp. Exh. E at 5.

Petitioner filed a timely pro se motion for post-conviction relief pursuant to Rule 29.15. Resp. Exh. F at 3. The court appointed counsel, and counsel filed a superseding amended motion. Resp. Exh. F at 23-42. In his amended motion, Petitioner argued that (1) trial counsel was ineffective for failing to strike Ms. Walker, a CASA representative, where Ms. Walker may have known of the prosecutor, Sherry Wolk, because Ms. Wolk handled sex cases; (2) appellate counsel was ineffective for failing to brief on appeal that the trial court erred when it prevented defense counsel from asking Detective McQuillen if Petitioner had cooperated with the police by making an audiotaped statement about what happened; and (3) appellate counsel was ineffective for failing to brief on appeal that the trial court erred in allowing the state to refer to

Boyer as "the victim" during voir dire. Id. at 26-31. The post-conviction court denied the motion, finding it to be meritless. Id. at 44-48.

On appeal, Petitioner argued that (1) appellate counsel was ineffective for failing to brief on appeal that the trial court erred when it prevented defense counsel from asking Detective McQuillen if Petitioner had cooperated with police by making an audiotaped statement about what happened and (2) that appellate counsel was ineffective for failing to brief on appeal that the trial court erred when it allowed the prosecutor to refer to Boyer as "the victim" during voir dire. Resp. Exh. G at 12-13. The Missouri Court of Appeals affirmed, finding no merit in Petitioner's claims. Resp. Exh. I at 1-4.

Petitioner is incarcerated at Southeast Correctional Center. Jeff Norman is the current warden of that facility and is the correct respondent. Petitioner is challenging the sentences for which he is currently incarcerated.

**Grounds for Relief**

Petitioner asserts the following grounds for federal habeas relief:

1. The trial court erred in overruling Petitioner's motions for judgment of acquittal because the state failed to prove beyond a reasonable doubt that Petitioner kidnapped Boyer.

2. Appellate counsel was ineffective for failing to brief a claim of trial court error where the trial court did not allow defense counsel to

ask Detective McQuillen if Petitioner had cooperated with police by making an audiotaped statement about what happened.

3. Appellate counsel was ineffective for failing to brief a claim of trial court error where the trial court allowed the prosecutor to refer to Boyer as "the victim" during voir dire.

**Standard**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts

of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

**Discussion**

1.  Ground One

In ground one, Petitioner argues that the trial court erred in overruling his motions for judgment of acquittal because the state failed to prove beyond a reasonable doubt that he kidnapped Boyer.

In reviewing a claim of insufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In applying this standard, the scope of review is extremely limited. The court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and the court must defer to that resolution. Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003).

The facts adduced on this issue during trial, as recited by the Missouri Court of Appeals, are as follows:

> [O]n the evening of May 7, 2003, Heather Boyer was at her friend Jackie's home in Festus when Jackie and [Petitioner], Jackie's boyfriend, began to argue. After the argument, [Petitioner] asked Ms. Boyer to drive him to his cousin's house in St. Louis where he planned to spend the night.
>
> At approximately 10:00 p.m., Ms. Boyer and [Petitioner] arrived at [Petitioner's] cousin's home, where they found [Petitioner's] cousin's girlfriend who invited them in despite the fact that [Petitioner's] cousin was not home. Unsure of how to get back to her parents' home in St. Genevieve, Ms. Boyer decided to stay at the house until [Petitioner's] cousin arrived to give her directions home. Shortly thereafter, [Petitioner] asked, and Ms. Boyer agreed, to drive [Petitioner] to his grandmother's house. At [Petitioner's] grandmother's house, Ms. Boyer fell asleep on the couch.
>
> Ms. Boyer awoke around 6:00 a.m., and told [Petitioner] that she wanted to return home. Ms. Boyer and [Petitioner] left [Petitioner's] grandmother's house and [Petitioner] asked Ms. Boyer to drop him at another relative's home off of South Broadway in the City of St. Louis. [Petitioner], who was giving Ms. Boyer directions on how to get to South Broadway, directed Ms. Boyer to turn into an alleyway and park behind a red Dodge Neon so that [Petitioner] could check to see if his relatives were home.
>
> After walking up to the home, [Petitioner] returned to the car and asked Ms. Boyer to open the trunk so that he could gather his belongings. When Ms. Boyer opened the door and began to exit her car she heard "I'm sorry Heath[er]," and was struck in the face. [Petitioner] then ordered Ms. Boyer to hand over the keys, put his hands around her neck and stated, "Don't scream or anything." [Petitioner] pushed Ms. Boyer into the car, sat in the driver's seat and pulled her pants down. [Petitioner] pulled his penis out of his pants, grabbed Ms. Boyer by the

head and pulled her towards his penis. [Petitioner] ordered Ms. Boyer to "Open [her] mouth" and forced her to perform oral sex on him for approximately thirty seconds.

Immediately thereafter, [Petitioner] drove Ms. Boyer's car a few blocks away where he parked on the side of the street and again forced Ms. Boyer to perform oral sex on him[,] after which he raped her. Afterward, [Petitioner] drove himself and Ms. Boyer to his brother's house where he ordered Ms. Boyer to get out of the car to help him unload his belongings.

After dropping [Petitioner] off at his brother's house, Ms. Boyer drove back to her parents' house where she went straight to her bedroom, laid on the bed and began crying hysterically. Ms. Boyer's parents found her with bruising on her face and neck and a hand full of hair. Ms. Boyer told her parents that she had been raped. In response, Ms. Boyer's mother telephoned police. Police responded to Ms. Boyer's parents' house, took Ms. Boyer's statement and directed Ms. Boyer to report to St. Anthony's Hospital for medical attention.

Resp. Exh. E at 2-3.

The Missouri Court of Appeals analyzed this claim as follows:

On appeal, our function is limited to determining whether there was sufficient evidence from which reasonable persons could have found the defendant guilty of the charged offense. When reviewing the sufficiency of the evidence, we review all evidence and inferences reasonably drawn from the evidence in the light most favorable to the verdict, and disregard all contrary evidence and inferences.

A defendant is criminally liable for kidnapping when he unlawfully removes another without his [or her] consent from the place where he [or she] is found or unlawfully confines another without his [or her] consent for a substantial period, for the purpose of facilitating the commission of any felony. Section 565.110.1(4) RSMo 2000. Kidnapping should not be charged where the movement or confinement is merely incidental to another offense. However, disallowing a kidnapping conviction whenever

another offense is committed would make subsection 4 of Section 565.110.1 meaningless.

. . .

Here, the record reveals that the confinement of Ms. Boyer by [Petitioner] was not incidental to another offense. Rather, [Petitioner] lured Ms. Boyer out of her car under the pretense of allowing [Petitioner] to retrieve his items from Ms. Boyer's trunk. When Ms. Boyer opened her door and began to exit, [Petitioner] surprised her by striking her in the face. [Petitioner] then ordered Ms. Boyer to hand over the keys, grabbed her by the neck and threatened, "Don't scream or anything." [Petitioner] then pushed Ms. Boyer into the car and confined her there. By confining Ms. Boyer in her car, [Petitioner] increased the risk of harm or danger to Ms. Boyer and made it unlikely for anyone to witness the crime or for Ms. Boyer to escape.

After striking and confining Ms. Boyer in the car, [Petitioner] sat in the driver's seat, pulled Ms. Boyer's pants down, exposed his penis and forcibly sodomized Ms. Boyer. When [Petitioner] finished sodomizing Ms. Boyer the first time, [Petitioner] continued to confine Ms. Boyer and drove her car a few blocks away where he parked on the side of the street and again forced Ms. Boyer to perform oral sex on him after which he raped her. In light of the facts and circumstances in this case, there was sufficient evidence from which reasonable jurors could have found [Petitioner] guilty of kidnapping Ms. Boyer.

Id. at 4-5 (citations and quotations removed).

The Court has reviewed the record in this case and finds that the Missouri Court of Appeals' recitation of the facts is accurate. See Resp. Exh. A at 316-66. Furthermore, the appellate court identified the correct standard of review and applied it reasonably to the facts. Applying the law to these facts, a reasonable trier of fact

could have found the essential elements of kidnapping beyond a reasonable doubt. The decision of the Missouri Court of Appeals is not contrary to, or an unreasonable application of, clearly established federal law. As a result, Petitioner is not entitled to relief on ground one of the Petition.

    2.    <u>Ground Two</u>

In ground two, Petitioner argues that appellate counsel was ineffective for failing to assert a claim of trial court error where the trial court did not allow defense counsel to ask Detective McQuillen if Petitioner had cooperated with police by making an audiotaped statement about what happened.

To prevail on a claim of ineffective assistance of counsel in the state courts, a defendant must show that counsel's performance was both deficient and prejudicial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). But to prevail on an ineffective assistance of counsel claim in a § 2254 case, a Petitioner "must do more than show that he would have satisfied <u>Strickland</u>'s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly. Rather, he must show that the [state court] applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Bell v. Cone</u>, 535 U.S. 685, 698-99 (2002).

Before trial commenced, the State filed a motion in limine, requesting that the trial court exclude "[a]ny exculpatory statements made by [Petitioner] to any witnesses as such testimony would be self-serving and hearsay. The sole purpose of the defense in offering any extrajudicial statement into evidence would be to prove the truth of the matter asserted." Resp. Exh. B at 16. The trial court granted the motion. Resp. Exh. A at 495. During trial, defense counsel preserved the objection. Id. In response, the prosecutor stated, "the statement made by [Petitioner] was an exculpatory statement. Accordingly, if [Petitioner] wants to speak, he would have to testify. That's why the State moved to keep it out, and I believe any reference to the statement would be very prejudicial to the State." Id. The trial court then renewed its holding that Petitioner's out-of-court statements to McQuillen would not be admitted into evidence. Id. at 496.

The motion court held that appellate counsel was not deficient for not briefing this issue and that Petitioner was not prejudiced by the exclusion of the testimony. The court reiterated the fact that Petitioner's exculpatory statements to McQuillen were "classic hearsay, subject to no objection." Resp. Exh. F at 47. And the court found that Petitioner was not prejudiced because other evidence of his cooperation was presented to the jury. Id. at 48.

On appellate review, the Missouri Court of Appeals applied the Strickland standard to this issue, finding that Petitioner could not demonstrate prejudice:

> Movant argues there is a reasonable probability his conviction would have been reversed if appellate counsel had asserted the trial court erred in refusing to allow Detective McQuillen to be cross-examined about whether [Petitioner] cooperated with the police by giving a statement. At trial, [Petitioner's] counsel argued for the inclusion of the statement to show [Petitioner] cooperated and "had nothing to hide." The record does not support [Petitioner's] allegations that he was prejudiced because defense counsel was prohibited from eliciting the fact that [Petitioner] voluntarily made a statement to the police.
>
> Rather, Detective McQuillen testified [Petitioner] cooperated with police, in that [Petitioner] allowed police to take buccal swabs and fingernail clippings. Because other evidence of [Petitioner's] cooperation was adduced, he was not prejudiced by the trial court's exclusion. As such, appellate counsel's failure to raise this issue does not constitute effectiveness.

Resp. Exh. I at 3.

This Court agrees with the analysis of this issue by both the motion court and the Missouri Court of Appeals. Offered by Petitioner, his exculpatory statements to McQuillen were inadmissible hearsay, and appellate counsel cannot have been deficient for failing to brief a meritless issue on appeal. Moreover, Petitioner was not prejudiced because other evidence of his cooperation was adduced at trial. The state court's decisions on this matter were correct. As a result, Petitioner is not entitled to relief on ground two of the Petition.

3. Ground Three

In ground three, Petitioner argues that appellate counsel was ineffective for failing to assert a claim of trial court error based on the trial court allowing the prosecutor to refer to Boyer as "the victim" during voir dire.

"Improper remarks by the prosecutor can violate the Fourteenth Amendment if they so infected the trial with unfairness as to make the resulting conviction a denial of due process." Barnett v. Roper, 541 F.3d 804, 812 (8th Cir. 2008) (citation and quotation omitted). Habeas relief should not be granted unless the prosecutor's remarks were "so inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared a mistrial." Id. at 813 (citation and quotation omitted). "Relief will be granted only upon a showing of a reasonable probability that the outcome would have been different but for the improper statement." Id. (citation omitted).

At the outset of voir dire examination, the following exchange occurred:

[Prosecutor]: This is the part of trial we call voir dire, and it's essentially the only time that we have during the trial to have a discussion with you, to basically ask questions, have answers, to converse about things, and it's one of the most important parts of any trial.

> In this case, the victim, Heather Boyer –
>
> [Defense counsel]: Your Honor, I object to the word, "victim"; that [Petitioner] is presumed to be innocent and it's up to the jury to decide whether or not she's a victim or not.
>
> [The court]: All right. Well, it is up to the jury. We understand it's an allegation at this point. Overruled.

Resp. Exh. A at 4.

On post-conviction review, the motion court noted that the prosecutor only occasionally referred to Boyer as "the victim" and that defense counsel referred to her as the "alleged victim." Resp. Exh. F at 47. Moreover, the court noted that it had stated to the jury that whether Boyer was the victim was only an allegation at that point in the trial. Id. at 46. The court found no error, and the court held that appellate counsel could not have been deficient for failing to raise a "spurious issue" on appeal. Id. at 47.

The Missouri Court of Appeals found that Petitioner had failed to demonstrate either deficient performance by counsel or prejudice. The appellate court found no error below and held that counsel could not have been deficient for failing to raise a non-meritorious issue on appeal. Resp. Exh. I at 4. And the court found that Petitioner could not show prejudice because the trial court had instructed the jury that it was only an allegation and because defense counsel had used the term "alleged victim." Id.

This Court agrees with the state courts' analysis. Appellate counsel is not required to brief meritless issues, and Petitioner cannot demonstrate that appellate counsel's performance was deficient. The prosecutor's remarks were not so inflammatory or outrageous that any reasonable judge would have declared a mistrial. And Petitioner cannot demonstrate that he was prejudiced by the failure to raise this issue on appeal. It is not likely that the Missouri Court of Appeals would have reversed the trial court on this issue because of the trial court's statement to the jury that whether Boyer was "the victim" was only an allegation at that point and because defense counsel countered the prosecutor's statements by referring to Boyer as the "alleged victim." Further, references to the term "victim" were few. The decisions of the Missouri courts were not contrary to, or an unreasonable application of, clearly established federal law. As a result, Petitioner is not entitled to relief on ground three of the Petition.

**Conclusion**

For these reasons, Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."

Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall docket this action as <u>Lee A. Siggers v. Jeff Norman</u>.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 24th day of August, 2011.

                                                          _/s/ Audrey G. Fleissig_
                                                          AUDREY G. FLEISSIG
                                                          UNITED STATES DISTRICT JUDGE